UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

PHILON RAMSEY,

    Defendant-Petitioner.

------------------------------------------------------

CASE NO.:  5:15-cr-339
               5:17-cv-753

OPINION & ORDER

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Philon Ramsey seeks to vacate his federal sentence under 28 U.S.C. § 2255.[1] Specifically, Ramsey alleges that he was entitled to have a jury determine the quantity of drugs involved with his case, and that his counsel, Paul Adamson, was ineffective when he failed to appeal his case, in spite of Ramsey's instruction to do so.

For the following reasons, the Court **DENIES** Ramsey's drug quantity claim, and **ORDERS** an evidentiary hearing to determine whether Ramsey instructed counsel to file an appeal.

**I. Background**

On January 6, 2016, Petitioner Ramsey pled guilty to one count of conspiracy to possess with the intent to distribute cocaine and heroin.[2] In that plea agreement, Ramsey "expressly and voluntarily" waived his right to appeal or collaterally attack his conviction and sentence in all but a few limited scenarios.[3]

---

[1] Doc. 476. Ramsey supplements. Doc. 489. The United States opposes. Doc. 499. Ramsey replies. Doc. 511.
[2] Doc. 182.
[3] *Id.*

Case No. 5:15-cr-339
Gwin, J.

Before sentencing, the Probation Department prepared a Presentence Investigation Report ("PSR") detailing its findings regarding Ramsey's role in the offense, including a suggested drug quantity finding and a Sentencing Guidelines calculation based on that finding.[4] On March 4, 2016, this Court sentenced Ramsey to 100 months of imprisonment and 4 years of supervised release.

In his motion for habeas relief, Ramsey alleges two errors. First, he argues that he was entitled to have a jury determine the drug quantity attributable to him. Second, he alleges that his counsel was constitutionally ineffective because: (1) his counsel did not argue that a jury should find the relevant drug quantity, and (2) his counsel never filed a direct appeal of his sentence, in spite of Ramsey's request to do so.

## II. Legal Standard

28 U.S.C. § 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[5]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[6] When alleging non-constitutional error, the movant must establish a

---

[4] Doc. 247.
[5] 28 U.S.C. § 2255(a).
[6] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

-2-

"'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[7]

### III. Analysis

**A. Drug Quantity**

Ramsey argues that his sentence should be vacated because a jury needed to determine the drug quantity for which he was responsible. In his plea agreement, however, Ramsey both admitted that he conspired to possess with the intent to distribute between 400 and 700 grams of heroin and explicitly waived his right to have a jury make factual determinations in his case.[8] Ramsey does not contend that he did not enter into his plea agreement knowingly and voluntarily.

As such, Ramsey's argument that a jury should have determined the drug quantity in his case is meritless.[9]

**B. Ineffective Assistance of Counsel**

In *Strickland v. Washington*,[10] the Supreme Court created a two-pronged test that a defendant must satisfy to show ineffective assistance of counsel. First, the petitioner must show that counsel's performance was deficient.[11] Second, the petitioner must show that counsel's deficient performance prejudiced the defense.[12] If a petitioner fails to make either showing, his ineffective assistance claim fails.[13]

---

[7] *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States,* 368 U.S. 424, 428 (1963)).
[8] Doc. 182 at 1-2, 6.
[9] *See United States v. Leachman*, 309 F.3d 377, 383-86 (6th Cir. 2002).
[10] 466 U.S. 668 (1984).
[11] *Id.* at 686.
[12] *Id.*
[13] *Id.* at 687.

Ramsey alleges that he received ineffective assistance of counsel because his counsel did not raise the drug quantity argument discussed above, and because his counsel ignored his instruction to file a direct appeal.

Counsel has no duty to raise a meritless argument.[14] Therefore, counsel's failure to raise Ramsey's drug quantity argument discussed above does not constitute ineffective assistance.[15]

Counsel must, however, file an appeal if his client requests one.[16] Even when, as here, a defendant has waived his right to appeal, counsel's failure to file an appeal "amounts to a per se violation of the Sixth Amendment . . . regardless of the merits of [the defendant's] substantive claims."[17]

The Sixth Circuit has repeatedly held that the district court must hold an evidentiary hearing when a defendant-petitioner claims that "he affirmatively expressed to counsel his desire for an appeal," but the government argues that this did not happen.[18] This hearing is required even when counsel files an affidavit that "affirmatively state[s] that [the defendant] did not request the filing of a notice of appeal, in order to test and evaluate the apparently conflicting memories and credibility of the two affidavits."[19]

Here, Ramsey alleges that he told his counsel, Paul Adamson, that he wanted to appeal his sentence.[20] According to Ramsey, however, Adamson never filed that appeal and did not answer Ramsey's inquiries about the status of that appeal.[21]

---

[14] *Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel.").
[15] *Id.*
[16] *Campbell v. United States,* 686 F.3d 353, 359 (6th Cir. 2012).
[17] *Id.* (quoting *Wright v. United States,* 320 F. App'x. 421 (6th Cir. 2009)) (internal quotation marks omitted).
[18] *Id.* at 360; *see also Pola v. United States,* 778 F.3d 525 (6th Cir. 2015).
[19] *Pola,* 778 F.3d at 534.
[20] Doc. 489.
[21] *Id.*

Case No. 5:15-cr-339
Gwin, J.

Adamson, on the other hand, has filed an affidavit stating that he informed Ramsey of his appellate rights immediately after sentencing, but Ramsey did not want to appeal.[22] Additionally, Adamson states that he had continued communications with Ramsey in the six months after his federal sentencing, because he also represented Ramsey in a state court case during that time.[23] Adamson says that Ramsey never indicated that he desired to appeal his federal sentence during their continued relationship.[24]

In order to resolve this factual dispute, the Court must hold an evidentiary hearing.

### IV. Conclusion

For the preceding reasons, the Court **DENIES** Ramsey's drug quantity finding claims, including his claim that he received ineffective assistance of counsel based on counsel's decision not to pursue this argument.

The Court **ORDERS** an evidentiary hearing to determine whether Ramsey requested that his counsel file a direct appeal of his sentence.

IT IS SO ORDERED.

Dated: October 12, 2017　　　　　　　　　　s/ *James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[22] Doc. 499-1 at 1.
[23] *Id.*
[24] *Id.*

-5-