UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,                       :   CASE NO.:   5:15-cr-339
                                                :               5:17-cv-753
         Plaintiff-Respondent,                  :
                                                :
vs.                                             :   OPINION & ORDER
                                                :   [Resolving Doc. No. 476]
PHILON RAMSEY,                                  :
                                                :
         Defendant-Petitioner.                  :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Philon Ramsey moves to vacate his federal sentence under 28 U.S.C. § 2255.[1] Specifically, Ramsey alleges that his counsel, Paul Adamson, was ineffective when Adamson failed to appeal Ramsey's sentence, after Ramsey arguably told Adamson to do so.

The Court held an evidentiary hearing. After considering the evidence and argument presented at that hearing, the Court **DENIES** Ramsey's motion.

## I. Background

On January 6, 2016, Petitioner Ramsey pleaded guilty to conspiracy to possess with the intent to distribute cocaine and heroin.[2] In that plea agreement, Ramsey "expressly and voluntarily" waived his right to appeal or collaterally attack his conviction and sentence in all but a few limited scenarios.[3]

Before sentencing, the Probation Department prepared a Presentence Investigation Report ("PSR") detailing its findings regarding Ramsey's role in the offense, including a suggested drug

---

[1] Doc. 476. Ramsey supplements. Doc. 489. The United States opposes. Doc. 499. Ramsey replies. Doc. 511.
[2] Doc. 182.
[3] *Id.*

quantity finding and a Sentencing Guidelines calculation based on that finding.[4] On March 4, 2016, this Court sentenced Ramsey to 100 months of imprisonment.[5]

This Court previously denied most of Ramsey's habeas petition.[6] Ramsey's only remaining claim is for ineffective assistance of counsel. In support of that claim, Ramsey alleges that he instructed his trial counsel, Paul Adamson, to file a direct appeal, but Adamson failed to do so. On November 15, 2017, the Court held an evidentiary hearing to decide this issue.

## II. Legal Standard

In *Strickland v. Washington*,[7] the Supreme Court created a two-pronged test that a defendant must satisfy to show ineffective assistance of counsel. First, the petitioner must show that counsel's performance was deficient.[8] Second, the petitioner must show that counsel's deficient performance prejudiced the defense.[9] If a petitioner fails to make either showing, his ineffective assistance claim fails.[10]

Counsel must file an appeal if his client requests one.[11] Even when, as here, a defendant has waived his right to appeal, counsel's failure to file an appeal "amounts to a per se violation of the Sixth Amendment . . . regardless of the merits of [the defendant's] substantive claims."[12]

## III. Analysis

Ramsey alleges that he received ineffective assistance of counsel because his counsel ignored his instruction to file a direct appeal. After considering the testimony and argument at

---

[4] Doc. 247.
[5] *See* Doc. 484 at 23:13-21.
[6] Doc. 515.
[7] 466 U.S. 668 (1984).
[8] *Id.* at 686.
[9] *Id.*
[10] *Id.* at 687.
[11] *Campbell v. United States*, 686 F.3d 353, 359 (6th Cir. 2012).
[12] *Id.* (quoting *Wright v. United States,* 320 F. App'x. 421 (6th Cir. 2009)) (internal quotation marks omitted).

Case No. 5:15-cr-339
Gwin, J.

the November 15, 2017 evidentiary hearing on this issue, the Court determines that Ramsey never made a request to file an appeal.

As an initial matter, the Court does not credit Ramsey's testimony. Ramsey initially testified that he told his counsel that he wanted to appeal his sentence immediately after the sentencing hearing.[13] Further questioning revealed that although Ramsey may have mentioned appealing his sentence, what he really wanted to do was to rescind his plea agreement and go to trial.[14]

His counsel advised against either appealing or rescinding his plea, and told Ramsey to think about his options for a few days.[15] Ramsey testified that although both he and his family called his counsel after the sentencing hearing, he acknowledges that he never actually mentioned that he wanted to appeal either directly or in a voicemail.[16] Ramsey also never wrote to counsel about his wish to appeal.[17]

Attorney Adamson testified that he advised Ramsey about his appellate rights immediately after the sentencing hearing, and that Ramsey did not express a desire to appeal at that time.[18] Recall, with his plea, Ramsey indicated that he would give up his appeal rights. Adamson also testified that he recommended against an appeal because Ramsey received a below-Guidelines sentence, Adamson did not see any appealable issues, and Ramsey waived most of his appellate rights in his plea agreement.[19]

---

[13] Tr. of Evidentiary Hr'g at 15-16.
[14] *Id.* at 15-16, 19-22.
[15] *Id.* at 16-17.
[16] *Id.* at 17-18.
[17] *Id.* at 24.
[18] *Id.* at 4-5.
[19] *Id.* at 4-5, 12.

Case No. 5:15-cr-339
Gwin, J.

The Court credits Adamson's version of events. Indeed, even if the Court credited Ramsey's testimony, Ramsey at most equivocally mentioned an appeal and then took no further action to clarify whether he wanted to pursue that path.

Beyond this, the circumstantial evidence also bolsters Adamson's version of events. Ramsey waived the vast majority of his appellate rights in his plea agreement.[20] The plea agreement also explicitly states that the Plea Guidelines calculation and sentencing recommendation within it are not binding on the Court.[21]

Ramsey was also aware of the Probation Office's PSR, which recommended a different Guidelines calculation higher than the one in his plea agreement.[22] The Probation Office's recommendation was based on significant evidence.[23]

After hearing arguments at the sentencing hearing, the Court credited the Probation Office's evidentiary findings, and therefore calculated Ramsey's Guidelines sentencing offense level as higher than the one contemplated by his plea agreement.[24] This higher offense level led to a recommended minimum sentence of 130 months imprisonment.[25]

In spite of this higher calculation, however, the Court sentenced Ramsey to 100 months.[26] This sentence was at the low end of the Guidelines recommendation in his plea agreement.[27] All

---

[20] Doc. 182 at 7.
[21] *Id.* at 5.
[22] *See generally* Doc. 247.
[23] *See id.*; *see also, e.g.*, Doc. 484 at 4-6.
[24] *See id.* at 15.
[25] *See* U.S. Sentencing Guidelines Manual Sentencing Table (U.S. Sentencing Comm'n 2016) (recommending between 130 and 162 months of imprisonment for an offense level of 28 and criminal history category of V).
[26] *See* Doc. 484 at 23.
[27] *See* U.S. Sentencing Guidelines Manual Sentencing Table (U.S. Sentencing Comm'n 2016) (recommending between 100 and 125 months of imprisonment for an offense level of 25 and criminal history category of V).

of these facts suggest that any appeal from Ramsey's sentence would have been frivolous, and Attorney Adamson informed Ramsey of this reality.

Additionally, both Adamson and Ramsey testified that Adamson continued to represent Ramsey after his federal sentencing in a related state criminal case.[28] They testified that throughout that representation, Adamson communicated with both Ramsey and Ramsey's family members.[29] Adamson ultimately succeeded in getting Ramsey's state charges dismissed.[30] Ramsey admits that throughout this representation, he did not communicate a clear wish to appeal his federal sentence.[31] Ramsey first mentioned his desire to file an appeal in writing in an addendum to this § 2255 petition.

In addition to the Court's disbelief of Ramsey's own testimony, these facts all support Adamson's version of events.

### IV. Conclusion

For the preceding reasons, the Court **DENIES** Ramsey's ineffective assistance of counsel claim. The Court therefore **DENIES** Ramsey's § 2255 petition.

IT IS SO ORDERED.

Dated: December 13, 2017　　　　　　　　　　　s/ *James S. Gwin*_____
　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[28] Tr. of Evidentiary Hr'g at 5-8, 17-19.
[29] *Id.*
[30] *See* Doc. 499-2.
[31] *See* Tr. of Evidentiary Hr'g at 20.